ORIGINAL

Karl O. Dicks *sui juris*
1025 Uluwale St.
Wahiawa, Hi. 96786
Ph. 808-478-8682
Email: kwk@hawaiiantel.net

James Ryan Malish *pro se*
3133 Brokaw Street, Unit A
Honolulu, Hi. 96815
Ph. 808-476-3864
Email: 808ryan4senate@gmail.com

Daniel Decker, *pro se*
706Makaleka Ave. C
Honolulu, Hi. 96816
Ph. 808- 594-2197
Email: daniel_decker42@yahoo.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 3 1 2023

at 12 o'clock and 15 min. P M
Lucy H. Carrillo, Clerk LS

CC: KJM( FILER
W/ BLANK IFP, 0.0, R.16,
CONSENT

# UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| Karl Orlando Dicks, *sui juris*<br>James Ryan Malish, *pro se*<br>Daniel Decker, *pro se*<br><br>*Plaintiffs*<br>VS.<br><br>HAWAII REPUBLICAN PARTY *et al*<br>(Names listed in Parties)<br><br>STATE OF HAWAII:<br>OFFICE OF ELECTIONS *et al*<br>SCOTT NAGO<br><br>ELECTION COMMISSION, et al<br>(Names listed in Parties)<br><br>FIRST CIRCUIT COURT, *et al*<br>(Names listed in Parties)<br><br>DEPARTMENT of the ATTOURNY<br>GENERAL, *et al*<br>(Names listed in Parties)<br><br>SUPREME COURT, *et al*<br>(Names listed in Parties)<br>*Defendants* | Case: _____<br><br>CIVIL COMPLAINT<br><br>CV23 00370 KJM |

2                              CIVIL  COMPLAINT

3        Plaintiff(s) hereby bring this Complaint as per Rule1, Scope and Purpose, Rule 2

4    One Form of Action, Rule 3 Commencing an Action, Rule 5.1. Constitutional

5    Challenge to a Statute—Notice, Certification, and Intervention.

6                                  PARTIES

7    PLAINTIFFS:

8    Karl O. Dicks sui juris  (Republican candidate)
9    1025 Uluwale St.
10   Wahiawa, Hi. 96786
11   Ph. 808-478-8682
12   Email: kwk@hawaiiantel.net
13
14   James Ryan Malish pro se    (non partisan candidate)
15    3133 Brokaw Street, Unit A
16    Honolulu, Hi. 96815
17   Ph. 808-476-3864
18   Email:  808ryan4senate@gmail.com
19
20   Daniel Decker, pro se   (Aloha Aina candidate)
21   706Makaleka Ave. C
22   Honolulu, Hi. 96816
23   Ph. 808- 594-2197
24   Email: daniel_decker42@yahoo.com
25
26   DEFENDANTS:

27   HAWAII REPUBLICAN PARTY, et al: to be further known as (HRP)
28   Shirlene Ostrov, Lynne Finnegan, Gene Ward, Laura Nakanelua,
29   Miriam(Janice)Hellreich, Joel Borgquist, Diamond Garcia, Tiana Elesaria, Jeff
30   Coakley, Henry Vincent III., Mele Songsong, Brett Kulbis, Celyn Chong Kee,
31   Patricia Saiki, Mark Blackburn,  Steve Holk, Kurt Fevella, Steve Yoder, Donna Van
32   Osdol,(common names as per HRS§634-30 (1))
33
34   STATE OF HAWAII OFFICE OF ELECTIONS, et al :
35   SCOTT NAGO (in their individual and official capacity as Chief Election Officer)
36
37   ELECTION COMMISSION, et al;
38   SCOTTY ANDERSON (Chair) (in their individual and official capacity)

39
40  <u>STATE OF HAWAII FIRST CIRCUIT COURT, et al</u>;
41   JAMES ASFORD, (in their individual and official capacity as Agency Appeal Judge)
42  KEVIN T. MORIKONE (in their individual and official capacity as a Judge)
43
44  <u>STATE OF HAWAII DEPARTMENT OF THE ATTOURNY GENERAL</u>, et al ;
45  ANNE E. LOPEZ, (in their individual and official capacity)
46  HOLLY T. SHIKADA, (in their individual and official capacity)
47  PATRICIA OHARA, (in their individual and official capacity)
48  REESE R. NAKAMURA, (in their individual and official capacity)
49
50
51  <u>STATE OF HAWAII SUPREME COURT, et al</u>;
52  Chief Justice, MARK E. RECKENWALD, (in their individual and official capacity)
53  Associate Justice, PAULA A. NAKAYAMA, (in their individual and official capacity)
54  Associate Justice SABRINA S. MC KENNA, (in their individual and official
55  capacity)
56  Associate Justice, MICHAEL D. WILSON, (in their individual and official capacity)
57  Associate Justice, TODD W. EDDINS, (in their individual and official capacity)
58
59
60                                    <u>BASIS for JURISDICTION</u>
61  • Federal courts are courts of limited jurisdiction (limited power). Generally
62     only 2 types of cases can be heard in federal courts: involving a federal
63     question and cases involving diversity of citizenship of the parties. Under 28
64     USC§1331, a case arising under the United States Constitution or Federal
65     laws or Treaties is a Federal Case. Under 28 USC§1332, a case in which a
66     citizen of one State sues a citizen of another State or nation and the amount
67     at stake is more than $75000 is a diversity of citizenship case. In a diversity
68     of citizenship case, no defendant may be a citizen of the same state as any
69     plaintiff.

70  What is the basis for federal court jurisdiction? List the specific Federal statutes,
71  treaties, and/or provisions of the United States Constitution.

72                                          FEDERAL

73                                    United States Constitution;

74  <u>1st Amendment</u>, (*and to petition the Government for a redress of grievances.*)

75  <u>5th Amendment</u>, (*nor be deprived of life, liberty, or property, without due process of*
76  *law*)

77  <u>14th Amendment</u>, Section 1, (*nor shall any state deprive any person of life, liberty,*
78  *or property, without due process of law*)

79    <u>18 USC-§241</u>- Conspiracy against Rights

80    <u>18 U.S.C.§242</u>- Deprivation of Rights Under Color of Law-

81    <u>42 U.S.C. §1983</u> Civil action for deprivation of rights,

82    <u>42 U.S.C.§1985 (1),(2),(3)-.</u> Conspiracy to interfere with civil rights

83    RICO- USC-1962

84                          STATE OF HAWAII

85                     State of Hawaii Constitution;

86    Article I. Bill of Rights;

87    <u>Section 1-</u> Political Power

88    <u>Section 4-</u> Registration; Voting

89    <u>Section 5-</u> Due Process and Equal Protection

90    Article II- Suffrage and Elections;

91    <u>Violations of State of Hawai'i, Title 2, Elections statutes</u>

92    HRS§11-2, 11-2.8, HRS §11-61, §11-62, §11-63, §11-64, §11-65, §12-21,§12-31,§19-3

93    <u>HRS §705-520</u> Criminal Conspiracy

94    HRS§ 414D-138(b)
95
96                     <u>STATEMENT OF THE CASE</u>

97                          <u>COUNT 1.</u>

98    Official Records, By the State of Hawaii Office of Elections reflect that the HRP's

99    most recent submission of amendments, rules was submitted June 4, 2022. This

100   filing was over 2 months past the deadline of March 11, before 4:30 pm. The most

101   recent filing of List of Officers, members of the party was done on June 4, 2022. This

102   was also filed late, as the deadline was May 9 before 4:30 pm. There is no record of

103   any request for enlargement of time, made by HRP.

104        Official Records of the State of Hawaii Office of Elections reflect that HRP's

105    most recent submission of amendments, rules and party officers, members was

106    done on June 4, 2022, and failed to meet document submission deadlines as set

107    forth HRS 11-63 and HRS 11-64. This failure by HRP, Executive Committee to

108    file as required in HRS§11-63 and HRS§11-16 for the years of 2019, 2020, 2021

109    and 2022 consequently highlights that there is a pattern of non- conformance/

110    compliance, and was in breach of HRS 11-61 for these years, along with other

111    violations of Party by-laws, rules and state statutes, and was an intrusion on

112    members and others Individual rights 2018 till present.

113        Plaintiffs aver that the Official Records of the State of Hawaii Office of

114    Elections reflect HRP, did <u>NOT</u> file any of the required, proper documentation

115    to Qualify as a Political Party for the State of Hawaii 2020 Primary and State of

116    Hawaii 2020 General Election Ballots.

117    Plaintiffs aver that the Official Records of the State of Hawaii Office of

118    Elections reflect HRP, did NOT file any of the required, proper documentation

119    to Qualify as a Political Party for the State of Hawaii 2022 Primary and the

120    2022 General Election Ballots.

121        Official Records of the State of Hawaii Office of Elections reflect HRP was

122    listed as a Qualified Political Party on the Official ballots listed lines 113-120 of

123    this document.

124    Plaintiffs aver that the HAWAII REPUBLICAN PARTY, et al, (common

125    names listed above) did commit violations against Plaintiffs 1st, 5th, and 14th

126    Amendments of the U.S. Constitution. Thereby Hawaii Republican Party et al

127    did knowing or unknowingly participate in actions which were in the violation

128    of; *18 USC-§241*, and *18 U.S.C.§242*, and *42 U.S.C. §1983*, and *42 U.S.C.§1985*

129    *(1),(2),(3)*, and *Rico 18 U.S.C. §1962 (d)*, and also Violations of the State of Hawaii

130    Constitution, and the Bill of Rights, Political Power, Section 1,  Due Process and

131    Equal Protection, and Section 5, and HRS §705-520 Criminal conspiracy, and

132    Violations of State of Hawai'i, Title 2, Elections statutes *HRS§11-61, §11-62,*

133    *§11-63, §11-64, §11-65,  and  HRS §19-3 Election Fraud.*

134    • Plaintiffs aver Hawaii Republican Party should be disqualified for non

135       compliance as per HRS§11-63, and due to the severity of and showing a

136       pattern of violations, Plaintiffs plead this Honorable Court to Order that

137       Hawaii Republican Party to be <u>Disbanded</u>. Plaintiffs Plead this Honorable

138       Court to remove and  to bar HRP Executive Committee members (common

139       names listed above, HRS§634-30 (1)) from holding any positions or as Officers

140       in any Political Party for a period of time of 5 years, after judgment is

141       entered.  Judicial removal as per HRS§414D-140.

142

143

144

145                                    <u>COUNT 2</u>

146    STATE OF HAWAII OFFICE OF ELECTIONS et al, SCOTT NAGO

147    Plaintiffs filed a Complaint on 4/26/2022 with State of Hawaii Office of Elections,

148    the Chief Election Officer; SCOTT NAGO. SCOTT NAGO responded 4/27/2022 "we

149    do not have jurisdiction over the matters you have raised".

150    • Political Parties are required to file list of Officers, and their Amended by-

151    laws to the Office of Elections, as per HRS§11-63.

152    Plaintiffs aver that this clearly indicates that Political Parties are in the Office

153    of Elections jurisdiction. Duties of the Chief Elections Officer as in HRS§11-2, §11-

154    2.8. Plaintiffs aver that SCOTT NAGO did commit violations against Plaintiffs 1st,

155    5th, and 14th Amendments of the U.S. Constitution. Thereby SCOTT NAGO, Chief

156    Elections Officer, did knowing or unknowingly participate in actions in violation of

157    18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983, 42 U.S.C.§1985 (1),(2),(3), and Rico

158    18 U.S.C. §1962 (d), and Violations of State of Hawaii Constitution, the Bill of

159    Rights, Political Power, Section 1, and Due Process and Equal Protection, Section 5,

160    HRS §705-520 Criminal conspiracy, and Violations of State of Hawai'i, Title 2,

161    Elections statutes, HRS§11.2, §112.8, HRS §19-3 Election Fraud.

162

163

164

165                                    <u>COUNT 3</u>

166    ELECTION COMMISSION, et al; SCOTTY ANDERSON, State of Hawaii Election

167    Commission Chairman, who has a responsibility under HRS§11-7.5 (1)(2) to hold

168    hearings and investigate Complaints filed.  An appeal was filed, and time stamped

169    5/3/2022.

170        Plaintiffs aver that No hearings were held, there was no investigation on the

171    record. There was no response from Election Commission at all. Plaintiffs aver this

172    is a violation of HRS§11-7.5 and is nonfeasance, and a violation of the Chairman's

173    Oath of office.

174        SCOTTY ANDERSON as Election Commission Chairman did commit violations

175    of Plaintiffs 1st, 5th, and 14th Amendments of the U.S. Constitution. Thereby

176    SCOTTY ANDERSON, Election Commission Chair, did knowing or unknowingly

177    participate in actions in violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983,

178    42 U.S.C.§1985 (1),(2),(3), and Rico 18 U.S.C. §1962 (d) and Violations of State of

179    Hawaii Constitution, the Bill of Rights, Political Power, Section 1, and Due Process

180    and Equal Protection, Section 5, HRS §705-520 Criminal conspiracy, and Violations

181    of State of Hawai'i, Title 2, Elections statutes HRS §19-3 Election Fraud.

182

183

184

185 <center>COUNT 4</center>

186      Plaintiffs aver HAWAII REPUBLICAN PARTY, et al, (common names listed

187 above) Executive Committee did engage in improperly removing District Chairs and

188 other District Officers, from positions in which they were properly elected in

189 February and March of 2022. Elections were held for District Chairs, Precinct

190 Chairs and officers in February and March of 2022 and which these officers were

191 elected by their Communities, not by the Political Party, as is proper procedure per

192 by-laws and were properly recorded. HRP knowing or unknowingly were

193 participants in, and declared all districts vacant. This act was in violation of State

194 Statute HRS§414D-138(b). They engaged in removing several members without due

195 process. Plaintiff Dicks was removed as District Chair of District 46.  Plaintiff

196 Malish was allegedly removed as a member of the party, with no due process.

197      Plaintiffs aver that The HRP Executive Committee (common names listed above)

198 did commit violations against Plaintiffs 1st, 5th, and 14th Amendments of the U.S.

199 Constitution, and thereby knowing or unknowingly were participants in actions in

200 violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983, 42 U.S.C.§1985 (1),(2),(3),

201 and Rico 18 U.S.C. §1962(d). HRP Executive Committee did commit Violations of

202 State of Hawaii Constitution, the Bill of Rights, Political Power, Section 1, and Due

203 Process and Equal Protection, Section 5, §705-520 Criminal conspiracy, HRS§ 414D-

204 138(b).

205

206

207                                    COUNT 5

208         Plaintiffs aver that STATE OF HAWAII FIRST CIRCUIT COURT, *et al*,

209    JUDGE JAMES ASHFORD.  Agency Appeal Judge JAMES ASHFORD, did

210    improperly dismiss case 1CCV-22-0000660 for allegedly, a lack of jurisdiction. It is

211    in the Court record that the Merits of the case were NOT addressed. The Honorable

212    Judge JAMES ASHFORD did commit violations against Plaintiffs 1st, 5th, and

213    14th Amendments of the U.S. Constitution and knowing or unknowingly participate

214    in actions in violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983, 42

215    U.S.C.§1985 (1),(2),(3), and Rico 18 U.S.C. §1962 (d) and Violations of State of

216    Hawaii Constitution, the Bill of Rights, Political Power, Section 1, and Due Process

217    and Equal Protection, Section 5, HRS §705-520 Criminal conspiracy, and Violations

218    of State of Hawai'i, Title 2, Elections statutes HRS §19-3 Election Fraud.

219                                    COUNT 6

220    The Honorable Judge KEVIN T. MORIKONE, denied cross claim, and dismissed

221    case 1CCV-22-0001597, without even a hearing on the Merits of the case.  Plaintiffs

222    filed on April 9th, DKT. 144, Motion. There were 3 motions. 1. Motion for counter

223    and cross claims, 2. Motion to  Joinder, rule 13(h), 3. Motion to leave and amend

224    rule 15(a), Hawaii Rules of Civil Procedure.  Motion 1 was dismissed and, case

225    dismissed. Motions 2, 3 have not been addressed in 139 days as of August 28, 2023.

226    Judge KEVIN T. MORIKONE did commit violations against Plaintiffs 1st, 5th, and

227    14th Amendments of the U.S. Constitution, and knowing or unknowingly  and did

228    participate in actions in violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983,

229    42 U.S.C.§1985 (1),(2),(3), and Rico 18 U.S.C. §1962 (d) and Violations of State of

230    Hawaii Constitution, the Bill of Rights, Political Power, Section 1, and Due Process

231    and Equal Protection, Section 5, HRS §705-520 Criminal conspiracy, and Violations

232    of State of Hawai'i, Title 2, Elections statutes HRS §19-3 Election Fraud.

233                                    <u>COUNT 7</u>

234    Plaintiffs aver that the HRP Executive Committee (common names listed above)

235    did NOT file any paperwork with Office of Elections, as per the Office of Elections

236    Official Records to be a Qualified Political Party in the 2020, and 2022 elections, nor

237    did they file as required by HRS§11-63, List of Officers or Amendments to HRP

238    bylaws. The Chief Election Officer did NOT take any actions, nor send any notices

239    to the HRP addressing violations or pending disqualification. The Chief Election

240    Officer SCOTT NAGO, **did exercise jurisdiction over Political Parties and did**

241    **Disqualify the Aloha Aina Party, Disqualify The Green Party, and Disqualify The**

242    **Constitution Party** in the State of Hawaii in 2023 for non conformance to an

243    unconstitutional Vote Quota requirement during an election, and they are not

244    Qualified to be a political party on the ballot in Hawaii.

245    • The Aloha Aina Party, The Green Party, and The Constitution DID properly file List

246       of Officers, by-law Amendments as required.

247    • Hawaii Republican Party did NOT file and should NOT have been on the 2020 or

248       2022 Ballot and thereby did disadvantage, discriminate against The Aloha Aina

249    Party and (candidate Plaintiff, Dan Decker, The Green Party, The Constitution

250    Party, and Non Partisan Candidate, Plaintiff James Ryan Malish.

251

252    • NOTE: Plaintiffs aver that the State Attorney General is essential and

253        necessary as defined by the Roles and Responsibilities (2) to investigate and

254        initiate actions in civil and criminal violations. This is as per State of Hawaii

255        Department of the Attorney General's official website.

256

257                                 COUNT 8

258    Plaintiffs aver that the STATE OF HAWAII DEPARTMENT OF THE

259    ATTOURNY GENERAL *et al,* (names listed above) did NOT investigate and initiate

260    actions in civil and criminal violations in behalf of Plaintiffs, or the People of the

261    State of Hawaii. Plaintiffs filed Complaints with The Office of Elections, Election

262    Commission, The First Circuit Court of Hawaii, (1CCV-22-0000660),

263    The State of Hawaii Supreme Court et al, (SCEC-22-0000490, Dicks/ Malish)

264    (SCEC-22-0000498 Decker). The Department of the Attorney General et al, FAILED

265    to perform their duties as per their Sworn Oath of Office. The Attorney General and

266    the Deputy Attorney Generals did commit violations against Plaintiffs 1st, 5th, and

267    14th Amendments of the US Constitution, and did knowing or unknowingly  and

268    did participate in actions in violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C.

269    §1983, 42 U.S.C.§1985 (1),(2),(3), and Rico 18 U.S.C. §1962

270  Violations of State of Hawaii Constitution, the Bill of Rights, Political Power,

271  Section 1, and Due Process and Equal Protection, Section 5, HRS §705-520 Criminal

272  conspiracy, and HRS§19-3 Election Fraud.

273                              <u>COUNT 9</u>

274       Plaintiffs aver that the STATE OF HAWAII SUPREME COURT, *et al*, (the 5

275  Justices listed above) did not allow any oral hearings on any of the cases filed in the

276       State of Hawaii Supreme Court. *Cases SCEC-22-0000136, SCEC-22-0000490,*

277  *SCEC-22-0000498, SCEC-22-0000682, SCEC-22-0000711.* Plaintiffs aver that the 5

278       Justices listed above did Violate their **Sworn Oaths of Office** and did commit

279       violations against Plaintiffs 1st, 5th, and 14th Amendment Rights of the U.S.

280       Constitution, and did knowing or unknowingly  and did participate in actions in

281  violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983, 42 U.S.C.§1985 (1),(2),(3),

282  and Rico 18 U.S.C. §1962, and Violations of State of Hawaii Constitution, the Bill of

283  Rights, Political Power, Section 1, and Due Process and Equal Protection, Section 5,

284                HRS §705-520 Criminal conspiracy, and HRS§19-3 Election Fraud.

285                              <u>COUNT 10</u>

286  Plaintiffs aver;

287  • 2022 Primary Ballots were in violation of State statutes and Unconstitutional

288  • Primary Ballots clearly designed so Non Partisan (N) appeared to be a

289       Qualified Political Party.  Primary Ballot 2022 layout was in violation of

290       HRS §12-21, HRS§12-31 Non partisan candidates must be clearly separated

291       from, Political Party candidates.

292      •  Primary Ballots clearly stated in the instructions as a requirement to cast a

293          vote "you MUST select a political preference." This is in violation State of

294          Hawaii Constitution, Registration; Voting, Section 4.

295      •  *Cases SCEC22-0000136, andSCEC-22-0000682,.*

296      •  Primary Ballots listed unopposed non partisan Candidates, and they did

297          NOT advance to General Election. Violation of HRS§12-42. Unopposed

298          candidates shall be considered elected. Plaintiff, Malish was listed as the only

299          non partisan candidate (unopposed) in his race on the 2022 Primary Ballot .

300          Plaintiff Malish a non partisan candidate was not advanced to General

301          Election.

302      Plaintiffs aver  STATE OF HAWAII SUPREME COURT *et al,* (the 5 Justices

303   listed above) did violate Plaintiffs' 1st, 5th, and 14th Amendments of the U.S.

304   Constitution, and did knowing or unknowingly did participate in actions in violation

305   of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983, 42 U.S.C.§1985 (1),(2),(3), and Rico

306   18 U.S.C. §1962, and Violations of State of Hawaii Constitution, the Bill of Rights,

307   Political Power, Section 1, Registration; Voting, Section 4, and Due Process and

308   Equal Protection, Section 5, HRS §705-520 Criminal conspiracy, and HRS§19-3

309   Election Fraud.

310                              <u>COUNT 11</u>

311      Plaintiffs aver that the STATE OF HAWAII SUPREME COURT et al, (the 5

312   Justices listed above) ignored case *SCEC-22-0000711* filed by Plaintiff Dicks. Office

313   of Elections Certified the results of the Primary Election before there was a ruling

314    on Motion to Reconsider case *SCEC-22-0000490*, STATE OF HAWAII SUPREME

315    COURT et al, (the 5 Justices listed above) did violate Plaintiffs' 1st, 5th, and 14th

316    Amendments of the U.S. Constitution, and did knowing or unknowingly and did

317    participate in actions in violation of 18 USC-§241, 18 U.S.C.§242, 42 U.S.C. §1983,

318    42 U.S.C.§1985 (1),(2),(3), and Rico 18 U.S.C. §1962, and Violations of State of

319    Hawaii Constitution, the Bill of Rights, Political Power, Section 1, and Due Process

320    and Equal Protection, Section 5, HRS §705-520 Criminal conspiracy, and violations

321    of HRS §12-21, HRS§12-31, HRS§19-3 Election Fraud.

322

323    <u>DECLARATIONS AND UNDISPUTED FACTS</u>

324    1.) Hawaii Republican Party did not file List of Officers, Amendments to by-laws, as

325    required to be a Qualified Political Party in 2020 and was late in 2022. Office of

326    Elections takes no actions.

327    2.)  Other political Parties did file List of Officers and Amendments of by-laws.

328    Office of Elections Disqualification of 3 other Party's because they did not get

329    Quotas of votes, against the HRP which was not in good standing, but remained on

330    the ballots, and disadvantaged them from getting votes.

331    3.) Office of Elections declares no jurisdiction over Political Party violations on

332    April 27, in response to April 26th Complaint filed.

333    4.) Election Commission ignores appeal of April 27th response and never responds.

334    5) Agency appeal to First Circuit Court, Judge Ashford, dismissed, lack of

335    jurisdiction, and merits of Complaint were not heard.

336    6.) A case was filed in First Circuit Court directly against Hawaii Republican Party,

337    et al and Defendants (common names listed) for multiple violations. Judge

338    Morikone, denies all of Plaintiffs motions, ignores 2 of the 3 motions filed on April 6,

339    2023, dismisses case on procedure issue (time to respond), merits of case still not

340    heard.

341    7.) Plaintiffs emailed to HRP attorney a request to "Meet and Confer" April 27, 2023

342    45 @6:44 pm HST. There was no response. Plaintiffs filed "meet and Confer on the

343    record July 13,2023 DKT 166. No response.

344    8.) 2023 Primary Ballot Instructions clearly state, You MUST choose a Political

345    Preference for your vote to be counted. That is a direct violation of Hawaii Constitution,

346    Registration and Voting, Section 4.

347    9.) Plaintiff Malish was unopposed and still lost his race.

348    10.) Hawaii Supreme Court has never given Plaintiffs an Oral Hearing on any case.

349    11.) No one has ever disputed any of the FACTS in the Record that Plaintiffs have filed.

350    12.) Plaintiffs followed every step of the process, seeking Relief and Remedy. Plaintiffs

351    to date have found NONE!

352                            <u>CASES RELATED TO THIS CASE:</u>

353    SCEC-22-0000136- DICKS,

354    SCEC-22-0000490- DICKS,

355    SCEC-22-0000498-DECKER,

356     SCEC-22-0000504- CORDERY,

357    SCEC-22-0000711- DICKS,

358    SCEC-22-0000682- MALISH ,

359    SCEC-22-0000732 CORDERY

360    1CCV-22-0001597-DICKS,

361    1CCV-22-0000660- DICKS,

362                    <u>**FEDERAL REFFERENCES**</u>

363                    <u>First Amendment</u>

364    Congress shall make no law respecting an establishment of religion, or prohibiting

365    the free exercise thereof; or abridging the freedom of speech, or of the press; or the

366    right of the people peaceably to assemble, ***and to petition the Government for a***

367    ***redress of grievances.***

368                    <u>Fifth Amendment</u>

369    No person shall be held to answer for a capital, or otherwise infamous crime, unless

370    on a presentment or indictment of a Grand Jury, except in cases arising in the land

371    or naval forces, or in the Militia, when in actual service in time of War or public

372    danger; nor shall any person be subject for the same offence to be twice put in

373    jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness

374    against himself, <u>nor be deprived of life, liberty, or property, without due process of</u>

375    <u>law;</u> nor shall private property be taken for public use, without just compensation.

376                    <u>Fourteenth Amendment,</u>

377    <u>Section1.</u> All persons born or naturalized in the United States, and subject to the
378    jurisdiction thereof, are citizens of the United States and of the state wherein they
379    reside. No state shall make or enforce any law which shall abridge the privileges or
380    immunities of citizens of the United States; <u>nor shall any state deprive any person</u>
381    <u>of life, liberty, or property, without due process of law; nor deny to any person</u>
382    <u>within its jurisdiction the equal protection of the laws.</u>
383
384                    <u>18 USC-§241- Conspiracy against Rights-</u>

385   If two or more persons conspire to injure, oppress, threaten, or intimidate any

386   person in any State, Territory, Commonwealth, Possession, or District in the free

387   exercise or enjoyment of any right or privilege secured to him by the Constitution or

388   laws of the United States, or because of his having so exercised the same; or

389

390   18 U.S.C.§242- Deprivation of Rights Under Color of Law-

391   Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully

392   subjects any person in any State, Territory, Commonwealth, Possession, or District

393   to the deprivation of any rights, privileges, or immunities secured or protected by

394   the Constitution or laws of the United States, or to different punishments, pains, or

395   penalties, on account of such person being an alien, or by reason of his color, or race,

396   than are prescribed for the punishment of citizens, shall be fined under this title or

397   imprisoned not more than one year, or both; and if bodily injury results from the

398   acts committed in violation of this section or if such acts include the use, attempted

399   use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined

400   under this title or imprisoned not more than ten years, or both; and if death results

401   from the acts committed in violation of this section or if such acts include

402   kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to

403   commit aggravated sexual abuse, or an attempt to kill, shall be fined under this

404   title, or imprisoned for any term of years or for life, or both, or may be sentenced to

405   death.

406   42 U.S.C. §1983 Civil action for deprivation of rights,

407   Every person who, under color of any statute, ordinance, regulation, custom, or
408   usage, of any State or Territory or the District of Columbia, subjects, or causes to be
409   subjected, any citizen of the United States or other person within the jurisdiction
410   thereof to the deprivation of any rights, privileges, or immunities secured by the
411   Constitution and laws, shall be liable to the party injured in an action at law, suit
412   in equity, or other proper proceeding for redress, except that in any action brought
413   against a judicial officer for an act or omission taken in such officer's judicial
414   capacity, injunctive relief shall not be granted unless a declaratory decree was
415   violated or declaratory relief was unavailable. For the purposes of this section, any

416 Act of Congress applicable exclusively to the District of Columbia shall be
417 considered to be a statute of the District of Columbia.

418 (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284 ; Pub. L. 104–317, title
419 III, §309(c), Oct. 19, 1996, 110 Stat. 3853 .)

420

421   42 U.S.C.§1985 (1),(2),(3)·.Conspiracy to interfere with civil rights
422

423 (1) Preventing officer from performing duties
424 If two or more persons in any State or Territory conspire to prevent, by force,
425 intimidation, or threat, any person from accepting or holding any office, trust, or
426 place of confidence under the United States, or from discharging any duties thereof;
427 or to induce by like means any officer of the United States to leave any State,
428 district, or place, where his duties as an officer are required to be performed, or to
429 injure him in his person or property on account of his lawful discharge of the duties
430 of his office, or while engaged in the lawful discharge thereof, or to injure his
431 property so as to molest, interrupt, hinder, or impede him in the discharge of his
432 official duties;

433 (2) Obstructing justice; intimidating party, witness, or juror
434 If two or more persons in any State or Territory conspire to deter, by force,
435 intimidation, or threat, any party or witness in any court of the United States from
436 attending such court, or from testifying to any matter pending therein, freely, fully,
437 and truthfully, or to injure such party or witness in his person or property on
438 account of his having so attended or testified, or to influence the verdict,
439 presentment, or indictment of any grand or petit juror in any such court, or to injure
440 such juror in his person or property on account of any verdict, presentment, or
441 indictment lawfully assented to by him, or of his being or having been such juror; or
442 if two or more persons conspire for the purpose of impeding, hindering, obstructing,
443 or defeating, in any manner, the due course of justice in any State or Territory, with
444 intent to deny to any citizen the equal protection of the laws, or to injure him or his
445 property for lawfully enforcing, or attempting to enforce, the right of any person, or
446 class of persons, to the equal protection of the laws;

447 (3) Depriving persons of rights or privileges
448 If two or more persons in any State or Territory conspire or go in disguise on the
449 highway or on the premises of another, for the purpose of depriving, either directly
450 or indirectly, any person or class of persons of the equal protection of the laws, or of
451 equal privileges and immunities under the laws; or for the purpose of preventing or
452 hindering the constituted authorities of any State or Territory from giving or
453 securing to all persons within such State or Territory the equal protection of the
454 laws; or if two or more persons conspire to prevent by force, intimidation, or threat,

455  any citizen who is lawfully entitled to vote, from giving his support or advocacy in a
456  legal manner, toward or in favor of the election of any lawfully qualified person as
457  an elector for President or Vice President, or as a Member of Congress of the United
458  States; or to injure any citizen in person or property on account of such support or
459  advocacy; in any case of conspiracy set forth in this section, <u>if one or more persons</u>
460  <u>engaged therein do, or cause to be done, any act in furtherance of the object of such</u>
461  <u>conspiracy, whereby another is injured in his person or property, or deprived of</u>
462  <u>having and exercising any right or privilege of a citizen of the United States, the</u>
463  <u>party so injured or deprived may have an action for the recovery of damages</u>
464  <u>occasioned by such injury or deprivation, against any one or more of the</u>
465  <u>conspirators.</u>

466

467                          <u>RICO- USC-1962(d)</u>

468  Section 1962(d) provides that it shall be unlawful for any person to conspire to

469  violate any of the provisions of subsection (a), (b), or (c) of this section. Unlike the

470  general conspiracy statute applicable to federal crimes, which requires proof that at

471  least one of the conspirators committed an "act to effect the object of the conspiracy,

472  there is no requirement under section 1962(d) that an "overt act" or specific act be

473  committed in furtherance of a RICO conspiracy.

474  Furthermore, a defendant who conspires to commit a substantive offense under

475  section 1962(a), (b), or (c), <u>can be convicted of a RICO conspiracy even though the</u>

476  <u>defendant does not personally commit or agree to commit the racketeering activity</u>

477  or collection of unlawful debt required for commission of the underlying substantive

478  offense.

479

480                    **<u>STATE OF HAWAII REFERENCES</u>**

481              <u>ARTICLE I, BILL OF RIGHTS, POLITICAL POWER-</u>

482  Section 1<u>. All political power of this State is inherent in the people and the</u>

483  <u>responsibility for the exercise thereof rests with the people</u>. All government is

484  founded on this authority. [Am Const Con 1978 and election Nov 7, 1978]

485

486

487    <u>RIGHTS OF CITIZENS</u> ·

488    Section 8. <u>No citizen shall be disfranchised, or deprived of any of the rights or</u>

489    <u>privileges secured to other citizens,</u> unless by the law of the land. [Ren Const Con

490    1978 and election Nov 7, 1978]

491    <u>DUE PROCESS AND EQUAL PROTECTION</u>

492     Section 5.  <u>No person shall be deprived of life, liberty or property without due</u>

493    <u>process of law,</u> nor be denied the equal protection of the laws, nor be denied the

494    enjoyment of the person's civil rights or be discriminated against in the exercise

495    thereof because of race, religion, sex or ancestry. [Ren and am Const Con 1978 and

496    election Nov 7, 1978]

497    <u>ARTICLE II, SUFFRAGE AND ELECTIONS, REGISTRATION; VOTING</u>·
498
499         Section 4. The legislature shall provide for the registration of voters and for
500    absentee voting and shall prescribe the method of voting at all elections. Secrecy of
501    voting shall be preserved; provided <u>that no person shall be required to declare a</u>
502    <u>party preference or nonpartisanship as a condition of voting in any primary or</u>
503    <u>special primary election. Secrecy of voting and choice of political party affiliation or</u>
504    <u>nonpartisanship shall be preserved.</u> [Am Const
505    Con 1978 and election Nov 7, 1978]

506    <u>§11-2  Chief election officer; duties.</u>

507    (a)  The chief election officer shall supervise all state elections.  The chief election
508    officer may delegate responsibilities in state elections within a county to the clerk of
509    that county or to other specified persons.

510         (b)  The chief election officer shall be responsible for the maximization of
511    registration of eligible electors throughout the State.  In maximizing registration,
512    the chief election officer shall make an effort to equalize registration between
513    districts, with particular effort in those districts in which the chief election officer
514    determines registration is lower than desirable.  The chief election officer, in
515    carrying out this function, may make surveys, carry on house-to-house canvassing,
516    and assist or direct the clerk in any other area of registration.

517         (c)  The chief election officer shall maintain data concerning registered voters,
518    elections, apportionment, and districting.  The chief election officer shall use this

519  data to assist the reapportionment commission provided for under Article IV of the
520  Constitution.

521  (d)  The chief election officer shall be responsible for public education with
522  respect to voter registration and information.

523  (e)  The chief election officer shall adopt rules governing elections in accordance
524  with chapter 91. [L 1970, c 26, pt of §2; am L 1979, c 51, §5; gen ch 1985; am L 1990,
525  c 116, §2; am L Sp 1995, c 27, §§4, 15; am L 1996, c 173, §§2, 3, 8; am L 1997, c 2,
526  §17; am L 1999, c 141, §3; am L 2003, c 8, §2]

527  [§11-2.8]  Publication of election notices.

528  Notwithstanding any other statute, law, charter provision, ordinance, or rule to the

529  contrary, whenever an election officer is required to issue a public notice in a

530  statewide or county publication, the publication requirement shall be deemed

531  satisfied upon the submission of the notice to the publication; provided that the

532  notice is also conspicuously posted on the website associated with the election

533  officer.  The inadvertent failure of a publication to publish a notice in a timely

534  manner **shall not invalidate any legal consequences or actions associated with the**

535  **notice.** [L 2018, c 62, §1]

536  HRS§414D-138  Removal of directors elected by members or directors.

537  (a)  The members may remove one or more directors elected by them without cause

538  unless otherwise provided in the articles or bylaws.

539  (b)  If a director is elected by a class, chapter, or other organizational unit, or by

540  region or other geographic grouping, the director may be removed only by the

541  members of that class, chapter, unit, or grouping.

542  §634-30 Organizations and associations.

543  Service of process on; judgment.  When two or more persons associate and act,

544  whether for profit or not, under a common name, including associating and acting

545  as a labor organization or employer organization, whether the common name

546   comprises the names of the persons or not, they may sue in or be sued by the

547   <u>common name</u>, and the process shall be served on any officer, trustee, or agent of

548   the association if an officer, trustee, or agent can be found, or if no officer, trustee,

549   or agent can be found as shown by the return of the serving officer, then upon any

550   one or more members of the association, or as otherwise provided by rule of court.

551   Any such service constitutes service upon the association. The judgment in those

552   cases shall accrue to the joint or common benefit of and bind the joint or common

553   property of the association, the same as though all members had been named as

554   parties to the action. No judgment shall be enforceable against any person or the

555   person's individual assets unless the:

556      (1) Person has been joined and served as an individual party to the action; or

557      (2) Judgment is so enforceable pursuant to section 634-3 or any other law. [L Sp

558   1949, c 4, §1; RL 1955, §230-39; HRS §634-66; am L 1972, c 89, §2A(j); ren HRS

559   §634-30; am L 2016, c 55, §27]

560                      §705-520 - Criminal conspiracy.

561    A person is guilty of criminal conspiracy if, with intent to promote or facilitate the
562   commission of a crime:

563      (1) He agrees with one or more persons that they or one or more of them will engage in or
564   solicit the conduct or will cause or solicit the result specified by the definition of the offense; and

565      (2) He or another person with whom he conspired commits an overt act in pursuance of the
566   conspiracy. [L 1972, c 9, pt of §1]

567

568

569

570

571

## IRREPARABLE INJURY

Plaintiffs fail to see how a price could possibly be calculated?

The injury can never be calculated, undone, or changed .

## REQUEST FOR REMEDY AND RELIEF

The 3 Plaintiffs, jointly seek damages, restitution as follows:

• Plaintiffs aver Hawaii Republican Party should be disqualified for non compliance as per HRS§11-63, and due to the severity of and showing a pattern of violations, Plaintiffs plead this Honorable Court to Order that Hawaii Republican Party to be Disbanded. Plaintiffs Plead this Honorable Court to remove and  to bar HRP Executive Committee members (common names listed above, HRS§634-30 (1)) from holding any positions or as Officers in any Political Party for a period of time of 5 years, after judgment is entered. (Judicial removal as per HRS§414D-140).

]

• $25,000,000  (Twenty Five million) U.S. dollars in damages,

## AFFIRMATION

Plaintiffs, under threat of perjury do swear that the afore going allegations, questions and statements are true and accurate to the best of our knowledge, all rights reserved;

Date: _8/31/23_ City: _Wahiawa_____

Name:____Kai Duke____ Signature:_____

Name:_James Ryan Mallsh_ Signature:_____

Name:_Daniel Decker____ Signature:_____

Name:_____ Signature:_____