IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| KARL ORLANDO DICKS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HAWAII REPUBLICAN PARTY, *et al.*,<br><br>Defendants. | Case No. 23-cv-00370-DKW-KJM<br><br>**ORDER (1) DENYING PLAINTIFFS' MOTION FOR RECUSAL; (2) DENYING PLAINTIFFS' MOTION TO STRIKE; (3) GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND; AND (4) DENYING ALL OTHER PENDING MOTIONS AS MOOT** |

Plaintiffs Karl Dicks, James Malish, and Daniel Decker, proceeding *pro se*, bring suit against the Hawaiʻi Republic Party, several of its Executive Committee members,[1] and various state institutions and officials (collectively "State Defendants"),[2] challenging the Hawaiʻi Republican Party's alleged failure to timely comply with certain reporting requirements, the removal of party officers and members, the design of the 2022 primary ballots, and the State Defendants'

---

[1] These member Defendants include: Shirlene Ostrov, Lynne Finnegan, Gene Ward, Laura Nakanelua, Miriam (Janice) Hellreich, Joel Borgquist, Diamond Garcia, Tiana Elesaria, Jeff Coakley, Henry Vincent III, Mele Songsong, Brett Kulbis, Celyn Chong Kee, Patricia Saiki, Mark Blackburn, Steve Holk, Kurt Fevella, Steve Yoder, and Donna Van Osdol.

[2] The State Defendants include: the Office of Elections and Chief Election Officer Scott Nago; the Election Commission and Chair Scotty Anderson; the First Circuit Court and Judges James Ashford and Kevin T. Morikone; the Department of the Attorney General, Attorneys General Anne E. Lopez and Holly T. Shikada, and Deputy Attorneys General Patricia Ohara and Reese R. Nakamura; and the Hawaiʻi Supreme Court, Chief Justice Mark E. Recktenwald, and Associate Justices Paula A. Nakayama, Sabrina S. McKenna, Michael D. Wilson, and Todd W. Eddins. All natural persons are sued in both their individual and official capacities.

actions in prior adjudications of such matters. Plaintiffs seek to disqualify and disband the Hawaiʻi Republican Party, to ban its Executive Committee members from holding political office for five years, and damages of 25 million dollars. Before the Court are a Motion to Dismiss, Dkt. No. 7, filed by the State Defendants, and a Motion to Strike the Motion to Dismiss, Dkt. No. 13, and Motion to Recuse, Dkt. No. 33, filed by Plaintiffs.

Having reviewed the Complaint, the motions briefing, and the record generally, the Court finds that: (1) Plaintiffs have failed to identify any legitimate grounds for the undersigned's recusal; (2) the Federal Rules of Civil Procedure do not provide any basis to strike the State Defendants' Motion to Dismiss; and (3) the claims and relief sought in the Complaint are barred by the *Rooker-Feldman* doctrine. Accordingly, as more fully discussed below, Plaintiffs' Motion to Recuse and Motion to Strike are DENIED. The State Defendants' Motion to Dismiss is GRANTED, and the Complaint is DISMISSED for lack of subject matter jurisdiction. Because amendment would be futile, dismissal is WITHOUT LEAVE TO AMEND. Finally, all other pending motions are DENIED AS MOOT.

## FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Karl Dicks, James Malish, and Daniel Decker are former candidates for unspecified offices in the 2022 primary election who challenge the Hawaiʻi Republican Party's alleged failure to timely submit various amendments, rules, and lists of party officers, the improper removal of Hawaiʻi Republican Party members and officers, and the design of the 2022 primary election ballots. Complaint at 2, 4–6, 9, 13–14, Dkt. No. 1.  After filing numerous unsuccessful

actions in state court,[4] Plaintiffs initiated the instant suit on August 31, 2023 by filing a Complaint against the Hawaiʻi Republican Party, its Executive Committee

---

[3] The Court takes judicial notice of the state cases referenced by Plaintiffs throughout the Complaint.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining a Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quotation and citation omitted).  Though the Complaint is far from a model of clarity, these cases, at a minimum, appear to include:
- *Dicks v. State of Hawaii Off. of Elections*, Civ. No. 1CCV-22-0000660 (Haw. Cir. Ct. Aug. 10, 2022) (dismissing Plaintiffs' "agency appeal" from a Complaint filed with the Hawaiʻi Office of Elections regarding the Hawaiʻi Republican Party's alleged failure to comply with bylaws, rules, and procedures) (accessible at Hawaiʻi State Judiciary, eCourt Kokua https://www.courts.state.hi.us/ (select "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," enter "1CCV-22-0000660" in "CaseID or Citation Number" field, and download "Dkt. No. 52.")).
- *Dicks v. Hawaii Republican Party*, Civ. No. 1CCV-22-0001597 (Haw. Cir. Ct. June 1, 2023) (dismissing Plaintiffs' third party claim against Chief Election Officer Scott Nago regarding the Hawaiʻi Republican Party's alleged failure to timely comply with bylaws and state statutes governing the filing of party rules, amendments, and officers and the removal of party officials) (accessible at Hawaiʻi State Judiciary, eCourt Kokua https://www.courts.state.hi.us/ (select "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," enter "1CCV-22-0001597" in "CaseID or Citation Number" field, and download "Dkt. No. 160.")).
- *Dicks v. State of Hawaii Off. of Elections*, 2022 WL 3585266 (Haw. Aug. 22, 2022), https://www.courts.state.hi.us/wp-content/uploads/2022/08/SCEC-22-0000490ord.pdf (dismissing Plaintiffs' Complaint alleging that the Hawaiʻi Republican Party failed to timely comply with officer and rule reporting requirements).
- *Decker v. State of Hawaii Off. of Elections*, 2022 WL 3700115 (Haw. Aug. 26, 2022), https://www.courts.state.hi.us/wp-content/uploads/2022/08/SCEC-22-0000498ord.pdf (dismissing Plaintiffs' Complaint alleging that the Hawaiʻi Republican Party failed to timely comply with officer and rule reporting requirements).
- *Malish v. Nago*, 2022 WL 17884132 (Haw. Dec. 23, 2022), https://www.courts.state.hi.us/wp-content/uploads/2022/12/SCEC-22-0000682ord.pdf (dismissing Plaintiffs' Complaint regarding the design of the 2022 primary election ballots).
- *Dicks v. Nago*, 2022 WL 17688364 (Haw. Dec. 15, 2022), https://www.courts.state.hi.us/wp-content/uploads/2022/12/SCEC-22-0000711ord.pdf (dismissing Plaintiffs' election Complaint).

[4] Plaintiffs additionally reference Hawaiʻi Supreme Court case number SCEC-22-0000136.  No case by this number appears to exist.  *See* Hawaiʻi State Judiciary, eCourt Kokua https://www.courts.state.hi.us/ (select "eCourt Kokua*," select "Click Here to Enter eCourt* Kokua," select "Case Search," and enter "SCEC-22-0000136" in "CaseID or Citation Number" field).

members, and the various Hawaiʻi agencies, officials, courts, and jurists involved with their prior Complaints. *Id.* at 2–3. In addition to reasserting their underlying claims regarding the Hawaiʻi Republican Party and primary ballots,[5] Plaintiffs allege that the State Defendants violated their state and federal constitutional and statutory rights[6] in various ways during their earlier-filed litigation, including by dismissing their claims on jurisdictional or procedural grounds or by declining to hold hearings or oral argument. *Id.* at 10–11, 13–15. Accordingly, Plaintiffs seek the disqualification and disbandment of the Hawaiʻi Republican Party, an order removing Executive Committee members from the Hawaiʻi Republican Party and barring them from holding any political position for five years, and damages of 25 million dollars. *Id.* at 24.

On September 28, 2023, the State Defendants filed a Motion to Dismiss, arguing, *inter alia*, that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine. Dkt. No. 7. Plaintiffs filed an Opposition on October 9, 2023, Dkt. No.

---

[5]Specifically, these claims include violations of: (1) the First, Fifth, and Fourteenth Amendments to the United States Constitution; (2) 18 U.S.C. § 241; (3) 18 U.S.C. § 242; (4) 42 U.S.C. §1983; (5) 42 U.S.C. § 1985(1)–(3); (6) 18 U.S.C. § 1962(d) ("RICO"); (7) Article I, Sections 1 and 5 of the Hawaiʻi Constitution; (8) Haw. Rev. Stat. § 705-520; (9) Haw. Rev. Stat. § 11-61; (10) Haw Rev. Stat. § 11-62; (11) Haw. Rev. Stat § 11-63; (12) Haw. Rev. Stat. § 11-64; (13) Haw Rev. Stat. § 11-65; (14) Haw. Rev. Stat. 414D-138(b); (15) Haw. Rev. Stat § 12-21; (16) Haw. Rev. Stat. § 12-31; and (17) Haw. Rev. Stat. § 12-42. Complaint at 4–6, 9, Dkt. No. 1.
[6]The claims against the State Defendants include: (1) the First, Fifth, and Fourteenth Amendments to the United States Constitution; (2) 18 U.S.C. § 241; (3) 18 U.S.C. § 242; (4) 42 U.S.C. § 1983; (5) 42 U.S.C. § 1985(1)–(3); (6) 18 U.S.C. § 1962(d) ("RICO"); (7) Article I, Sections 1, 4, and 5 of the Hawaiʻi Constitution; (8) Haw. Rev. Stat. § 705-520; (9) Haw. Rev. Stat. § 11-2; (10) Haw Rev. Stat. § 11-2.8; and (11) Haw. Rev. Stat. § 19-3. Complaint at 7–8, 10–15, Dkt. No. 1.

10, followed by a Motion to Strike the Motion to Dismiss on October 13, 2023, Dkt. No. 13.  On October 19, 2023, the State Defendants filed a Reply in support of their Motion to Dismiss, Dkt. No. 17, and an Opposition to the Motion to Strike, Dkt. No. 18.  Pursuant to Local Rule 7.1(c), the Court elected to decide these matters without a hearing.  Dkt. No. 27.  Subsequently, on October 29, 2023, Plaintiffs moved to recuse the undersigned.  Dkt. No. 33.  The State Defendants filed an Opposition on November 9, 2023.  Dkt. No. 48.  Finally, on November 17, 2023, Plaintiffs filed a Reply to both the Motion to Recuse and Motion to Strike. Dkt. No. 58.  This Order now follows.

## STANDARD OF REVIEW

"The *Rooker–Feldman* doctrine recognizes that federal district courts generally lack subject matter jurisdiction to review state court judgments." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (citing *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).  Such challenges to the Court's subject matter jurisdiction are brought pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Au v. Trustees of Estate of Bishop*, 2020 WL 5550388, at *3 (D. Haw. Sept. 16, 2020).

In considering a Rule 12(b)(1) motion, "the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Kingman Reef Atoll Invs.,*

*L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted). Further, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Augustine v. United States*, 704 F.2d 1074, 1077 (quotation, brackets, and citation omitted).

## DISCUSSION[7]

### I.     Motion for Recusal

The Court begins by discussing the motion for recusal because, if granted, a different judge would be assigned to the balance of the pending motions.

On October 29, 2023, Plaintiffs filed a motion seeking the recusal of the undersigned pursuant to 28 U.S.C. § 455, contending that they have serious doubts as to the Court's impartiality.  Dkt. No. 33.  As an initial matter, although Plaintiffs state that they seek recusal under 28 U.S.C. § 455(b)(5)(1), they instead provide the text of 28 U.S.C. § 455(a), (b)(1), and (b)(3).  *See id.* at 2–3.  As Section 455(b)(5)(1) is inapplicable to the instant circumstances, the Court will address recusal only under Sections 455(a), (b)(1), and (b)(3).[8]

---

[7] As Plaintiffs are *pro se*, the Court has liberally construed their filings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

[8] 28 U.S.C. § 455(b)(5)(1) requires a jurist to disqualify himself where "[h]e or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person . . . [i]s a party to the proceeding, or an officer, director, or trustee of a party."  Plaintiffs do not provide—and the Court is not aware—of any reason why this section would apply to the instant case.

Sections 455(a) and (b)(1) provide that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party." When a motion to recuse is brought under Section 455, "the motion is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994).

Here, Plaintiffs contend that recusal is proper because the undersigned's decision to vacate the hearing on the Motion to Dismiss and Motion to Strike is indicative of a preference for the State Defendants. *See* Dkt. No. 33 at 2. This argument, however, is without merit given that the decision to vacate was undertaken as a routine matter pursuant to the Court's authority under Local Rule 7.1(c)[9] and does not, by itself, constitute legitimate grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 556 (1994) (explaining "judicial rulings, routine trial administration efforts, and ordinary admonishments" are inadequate bases for recusal). Indeed, this Court, in similar circumstances, has vacated hearings on motions to dismiss in other cases dozens of times. Doing so is largely a matter of economy, not evidence of partisanship. Moreover, it is not clear how vacating a

---

[9] Local Rule 7.1(c) provides: "Unless specifically required, the court may decide all matters, including motions, petitions, and appeals, without a hearing."

hearing on two motions—one filed by Plaintiffs and one filed by Defendants—can represent partisanship.

Plaintiffs additionally contend that recusal is proper because they are "aware of intimate circumstances" surrounding the undersigned's previous recusal in *Martin v. Nago*, 22-cv-00460, Dkt. No. 16 (D. Haw. Jan. 30, 2023). According to Plaintiffs, these circumstances include allegations that the "Honorable Judge Watson altered Official Court Documents." Dkt. No. 58 at 3. What alleged alteration Plaintiffs are referring to is not evident. The undersigned's recusal in *Martin* was due to the existence of a separate lawsuit filed by one of the parties against the same, not the result of alteration or any "intimate circumstance." *See Martin*, 22-cv-00460, Dkt. No. 16. Moreover, none of the Plaintiffs was involved in *Martin*. It is difficult to see what bearing whatever happened there has on the proceedings here.

Finally, although Plaintiffs include in their motion the text of Section 455(b)(3), they provide no argument as to how this section applies. *See* Dkt. No. 33 at 2. Section 455(b)(3) provides that a judge must recuse "[w]here he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." As the undersigned

has neither participated in, nor previously expressed any opinion, regarding this action, Section 455(b)(3) also fails to provide a basis for recusal.

"[I]n the absence of a legitimate reason to recuse himself, a judge should participate in cases assigned." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (quotations and citations omitted).  Accordingly, as Plaintiffs provide no legitimate reason as to why the Court's impartiality might "reasonably be questioned," their Motion to Recuse, Dkt. No. 33, is denied.

**II.**   **Motion to Strike**

The Court now turns to Plaintiffs' contention that the State Defendants' Motion to Dismiss should be struck because it violates the Federal Rules of Civil Procedure.  Specifically, Plaintiffs assert that the Motion to Dismiss is "insufficient, redundant, immaterial, impertinent, and irrelevant" under Rule 8 and "[o]ut of [o]rder" under Rule 7.  Plaintiffs' main contention appears to be that Rule 7 provides an "established order" which "[o]nly allows pleadings."  Dkt. No. 13 at 2.  Therefore, Plaintiffs argue that as a "Motion to Dismiss is not a pleading . . . [State Defendants'] Motion to Dismiss and Memorandum in support (page 1-26) is a clear detour to avoid Rule 7, in which Defendants are Required to answer specific Complaints, charges, allegations, etc." *Id.*

Plaintiffs, however, misunderstand the Federal Rules of Civil Procedure. Although they are correct that a motion to dismiss is not a pleading, Rule 12(b)

provides that a party asserting certain enumerated defenses, including, *inter alia*, lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, may do so *by motion prior to filing a responsive pleading*.  See Fed. R. Civ. P. 12(b).  Here, the State Defendants' Motion to Dismiss is brought on precisely such grounds.  See Dkt. No. 7 at 4–5.  Accordingly, the Motion to Dismiss is not prohibited, but rather explicitly *permitted* by the Federal Rules of Civil Procedure.  Plaintiffs' Motion to Strike, Dkt. No. 13, is therefore denied.

### III. <u>Motion to Dismiss</u>

Having denied the Motion to Strike, the Court now turns to the State Defendants' Motion to Dismiss.  The State Defendants contend, *inter alia,* that the *Rooker-Feldman* doctrine bars Plaintiffs from seeking relief in this Court.[10]  Dkt. No. 7 at 10–12.  As explained by the Ninth Circuit Court of Appeals:

> The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts. Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments.  Accordingly, review of such judgments may be had only in the Supreme Court.  The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the "de facto equivalent" of such an appeal.

---

[10] Though the State Defendants raise other bases for dismissal, the Court addresses *Rooker-Feldman* alone as it is both jurisdictional and independently sufficient to resolve the pending motion. The Court expresses no views concerning the other bases discussed by the State Defendants.

*Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quotations, citations, and brackets omitted).  In determining whether an action is a *de facto* appeal, a federal district court must "pay close attention to the *relief* sought by the federal-court plaintiff."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (quotation and citation omitted).  "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (explaining "the doctrine applies when the federal plaintiff's claim arises from the state court judgment, not simply when a party fails to obtain relief in state court.").

Here, Plaintiffs' Complaint represents precisely such a forbidden *de facto* appeal of the numerous cases they have already brought before the First Circuit Court for the State of Hawaiʻi and the Hawaiʻi Supreme Court.  The Hawaiʻi state courts dismissed Plaintiffs' numerous suits on various procedural and jurisdictional grounds, as well as for failure to state a claim upon which relief may be granted.  *See* Dkt. No. 1 at 10–11, 13–15; *supra* n.3.  Plaintiffs now bring suit directly against those courts and jurists, claiming that the erroneous decisions to dismiss their claims and deny hearing or oral argument violated various provisions of the state and federal constitutions, criminal laws, and election laws.  *See* Dkt. No. 1 at

10–11, 13–15. In light of these alleged legal wrongs, Plaintiffs now seek relief from this Court. *See id.* at 24.

In other words, though not explicitly framed as an appeal, Plaintiffs call upon this Court to find that the state court judgments and proceedings were invalid and violated their rights such that they are entitled to damages and the opportunity to relitigate the underlying claims regarding the Hawai'i Republican Party and the 2022 primary ballots in federal court. *See* Dkt. No. 1 at 24. This is precisely what *Rooker-Feldman* forbids. Under *Rooker-Feldman*, the Court lacks the jurisdiction either to review the decisions of the Hawai'i state courts, or Plaintiffs' constitutional challenges to the manner in which those courts conducted their proceedings. *See Bianchi*, 334 F.3d at 900 n.4 (explaining the "*Rooker–Feldman* doctrine prevents lower federal courts from exercising jurisdiction . . . even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles"); *Caldarone v. Abercrombie*, 2015 WL 1967440, at *6 (D. Haw. Apr. 30, 2015) (finding *Rooker-Feldman* applied even where the Plaintiff sought damages rather than injunctive relief as redress for the state court's allegedly erroneous decision).

Plaintiffs contend that their "complaints have not been properly heard" and that they "shall never find remedy in any State of Hawaii Court system due to racketeering behavior." Dkt. No. 10 at 6–7. However, "*Rooker-Feldman* bars any

suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Bianchi*, 334 F.3d at 901 (quotation and citation omitted). Each of Plaintiffs' claims has been presented numerous times before the First Circuit Court for the State of Hawai'i and the Hawai'i Supreme Court. *See* Dkt. No. 1 at 10–11, 13–15. Plaintiffs' discontent with the rulings of those courts or their procedural processes is therefore immaterial. If Plaintiffs disagreed with the state courts' various decisions, the proper recourse was appeal—not the filing of this action. Accordingly, as the Court lacks jurisdiction under *Rooker-Feldman* over Plaintiffs' Complaint, it is therefore dismissed.

## IV.   Leave to Amend

Plaintiffs are generally permitted to amend their Complaint when "justice so requires." Fed. R. Civ. P. 15(a)(2). The Court, however, has discretion to deny leave to amend where amendment would be futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). Here, as Plaintiffs' claims are foreclosed by the *Rooker-Feldman* doctrine, the deficiencies in subject matter jurisdiction cannot be cured. Further amendment would therefore be futile, and leave to amend is denied.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion to Strike, Dkt. No. 13, and Motion to Recuse, Dkt. No. 33, are DENIED.  The State Defendants' Motion to Dismiss, Dkt. No. 7, is GRANTED and this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.  *See White v. Dobrescu*, 651 F. App'x 701, 703 (9th Cir. 2016) ("Because we affirm the dismissal on the basis of the *Rooker–Feldman* doctrine, we treat the dismissal as one without prejudice.").  As the jurisdictional shortcomings cannot be cured by amendment, dismissal is WITHOUT LEAVE TO AMEND.  Finally, all other pending motions are DENIED AS MOOT.

The Clerk is instructed to enter Judgment, pursuant to this Order, in favor of all Defendants and to then close this case.

IT IS SO ORDERED.

DATED: November 21, 2023 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

___

*Karl Orlando Dicks, et al vs. Hawaii Republican Party, et al*; Civil No. 23-00370 DKW-KJM; **ORDER (1) DENYING PLAINTIFFS' MOTION FOR RECUSAL; (2) DENYING PLAINTIFFS' MOTION TO STRIKE; (3) GRANTING DEFENDANTS' MOTION TO DISMISS THE COMPLAINT WITHOUT LEAVE TO AMEND; AND (4) DENYING ALL OTHER PENDING MOTIONS AS MOOT**